IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID C. HENDERSON, individually and
on behalf of others similarly situated,

        Plaintiff,

v.

REMINGTON ARMS COMPANY, LLC,
and CASCADE CARTRIDGE, INC. A/K/A
CCI AMMUNITION

        Defendants.

Civil Action No.: 1:12-CV-00437

### REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE CLASS CERTIFICATION
[M.D.N.C. LR 23.1]

NOW COMES the Plaintiff DAVID C. HENDERSON, by and through undersigned counsel of record, and hereby submits this reply memorandum in support of his motion for extension of time to file his motion for Class Certification.

### ARGUMENT AND AUTHORITIES

Defendant Remington argues Plaintiff's Motion for extension of time should be denied because the motion is untimely and Plaintiff has not shown excusable neglect. Plaintiff disagrees. *See e.g.* Clark v. Wells Fargo Financial, Inc., 2008 WL 4787444 (M.D.N.C. 2008)("rather than requiring a plaintiff to show "good cause" to extend the 90-day [M.D.N.C. L.R. 23.1] deadline under this court's Local Rules as Defendants contend, the Local Rules appear to vest the court with significant discretion in determining whether to extend the 90-day deadline.") In Clark, like here, the Plaintiff filed their Motion to extend the deadline for class certification after the 90 day deadline to file class certification. The Court allowed the motion

noting the discretion given the court in deciding such motions under Rule 23.1. Id.; *see also* Curtis v. Norfolk Southern Railway Co., 206 F.R.D. 548 (M.D.N.C. 2002) (holding plaintiff showed sufficient cause for extension of time in which to file motion for class certification where plaintiff filed putative class action in state court, and after removal, plaintiff filed motion seeking an extension of time in which to file motion for class certification outside of the 90 day time period).

In this case, this matter was originally filed in the United States District Court for the Northern District of Texas, Dallas Division on January 31, 2012. Following, Defendant Remington's motion to dismiss and motion to transfer on April 9, 2012, the Parties agreed, and thereafter, stipulated to transferring the matter to the Middle District of North Carolina ("MDNC") on May 1, 2012. Once the matter was transferred to the MDNC, the Plaintiff's counsel entered their notices of appearance and filed the underlying Motion for extension of time on June 7, 2012.

Accordingly, given the transfer to the new district Plaintiff has both acted reasonably under the circumstances and has satisfied the excusable neglect standard. Plaintiff's motion for extension of time was filed within 90 days of the matter being transferred to the MDNC, and the parties were in discussions about transferring this matter and/or had already agreed to transfer the matter to MDNC when the time to file the extension was pending in the Northern District of Texas. Regardless of the timing, Plaintiff's motion for extension should be allowed in the interests of justice. See Curtis, 206 F.R.D. 548 (holding plaintiff showed sufficient cause for extension of time in which to file motion for class certification where plaintiff filed putative class action in state court, and after removal, plaintiff filed motion seeking an extension of time in which to file motion for class certification outside of the 90 day time period); *see also* Clark,

2

2008 WL 4787444 (M.D.N.C. 2008)("rather than requiring a plaintiff to show "good cause" to extend the 90-day [M.D.N.C. L.R. 23.1] deadline under this court's Local Rules as Defendants contend, the Local Rules appear to vest the court with significant discretion in determining whether to extend the 90-day deadline.").

Contrary to Remington's arguments, numerous courts have held that even in cases where the party filing the motion for an extension of time has not met the burden of excusable neglect, the court has allowed the motion upon a showing that the opposing party will not be prejudiced by the extension. Sutton v. Cree, Inc., 386 F.Supp.2d 600, 603 (M.D.N.C., 2005); See also 1 McLaughlin on Class Actions § 3:2 (8th ed.) (citing Gray v. Greyhound Lines, East, 545 F.2d 169, 173 n.11 (D.C. Cir. 1976), *rejected on other grounds by*, Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp., 28 F.3d 1268 (D.C. Cir. 1994)) ("It is not clear that dismissal of the class allegations for failure to comply with the local time limit is consistent with Rule 23(c)(1) … which may require the court to determine the merits of the claim to representative status."); Arnold v. Arizona Dept. of Public Safety, 233 F.R.D. 537 (D. Ariz. 2005) ("Courts applying Rule 23, as amended, do not deny class certification based on timeliness unless the delay has prejudiced a defendant."); Umbriac v. American Snacks, Inc., 388 F. Supp. 265, 272 (E.D. Pa. 1975) (failure to file class motion within time limits of Local Rule was a "*de minimis* lapse")).

Factors to be considered when determining whether the opposing party has been prejudiced include, "[1] the danger of prejudice to the [adverse party] ... [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Morris-Belcher v. Housing Authority of City of Winston-Salem, 2005 WL 1423592

(M.D.N.C., 2005) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993)).

In the present case, three separate class action suits, this case, Yancey v. Remington (1:12-CV-00477), Maxwell v. Remington ((1:10-cv-00918-UA-LPA), were filed in the United States District Courts for Northern District of Texas, Middle District of Tennessee, and Middle District of North Carolina, respectively. Plaintiffs have consented to a consolidation of their actions and a motion to consolidate has been filed in Yancey. During the consolidation process of the three class actions, Defendant argues the ninety day limit for class certification lapsed for this action. While not agreeing with Defendant's assessment, Defendant has failed to demonstrate any delay caused by the transfer and consolidation has prejudiced the Defendant.[1] To the contrary, Defendant moved for, and Plaintiffs' consented, to the transfer, thereby actually benefitting rather than prejudicing the Defendant in terms of a coordinated strategy as well as significant reduction in costs and attorneys fees of defending three different class actions in three different venues. Accordingly, the delay in transferring this matter, filing the motion for extension, and filing the motion to consolidate should not prejudice the Defendant. However, Plaintiff would be extremely prejudiced by not granting the extension, especially considering that no discovery has taken place.

The Plaintiff's motion for extension of time for class certification should at a minimum be granted under the Federal Rules of Civil Procedure excusable neglect exception. Considering

---

[1] It is important to note that there are hundreds of other plaintiffs/class members around the country who can make the same claims as the Plaintiffs Maxwell, Yancey and Henderson, to wit: these people own model 597's, some which have failed like Yancey's and Henderson's rifles and some which have not yet failed like Maxwell's rifle. Dismissal of or a denial of class certification for these three (3) cases will not prevent the filing of other actions on their behalf. For purposes of party and judicial economy, Plaintiff respectfully requests that the Court hear his motions for class certification at the appropriate time to allow the matter to be fully briefed and decided upon the merits.

the factors of Morris-Belcher for excusable neglect, allowing an extension for class certification will not prejudice the adverse party because no discovery has taken place. The length of delay is minimal, and the potential impact on the judicial proceedings would be beneficial to the court for the sake of efficiency. The reason for the delay is understandable given the consolidation of three separate class action suits from as many different states, thus making reasonable control on the part of the Plaintiffs incredibly difficult. And lastly, the Plaintiffs at all times have acted in good faith with Defendant and the court. In the alternative, the Plaintiffs should be granted a motion for extension of time for class certification under Sutton, because the Defendant has not demonstrated it has been prejudiced by the delay and as a showing has been made to the court that the Defendant will not be prejudiced by an extension of time even if the excusable neglect standard is not met.

## CONCLUSION

Plaintiff respectfully requests that the Court enter an Order extending the time to file a motion for class certification until thirty (30) days after the completion of class discovery, that the Court set a joint status conference to address briefing and scheduling issues; and that any other necessary procedures have been undertaken by the Court.

Respectfully submitted this the 9th day of July, 2012.

**SHIPMAN & WRIGHT, LLP**

By: /s/William G. Wright
Gary K. Shipman (NC Bar #9464)
*gshipman@shipmanlaw.com*
William G. Wright (NC Bar #26891)
*wwright@shipmanlaw.com*
575 Military Cutoff Road, Suite 106
Wilmington, North Carolina 28405
Telephone: (910) 762-1990
Facsimile: (910) 762-6752

5

**BOLEN, ROBINSON & ELLIS, LLP**

Jon D. Robinson, IL ARDC #02356678
*jrobinson@brelaw.com*
Christopher M. Ellis, IL ARDC #06274872
*cellis@brelaw.com*
202 South Franklin Street, 2nd Floor
Decatur, Illinois 62523
Telephone: (217) 429-4296
Facsimile: (217) 329.0034


**HOLLAND, GROVES, SCHNELLER & STOLZE, LLC**

Eric D. Holland, #39935MO
*eholland@allfela.com*
R. Seth Crompton, #57448MO
*scrompton@allfela.com*
350 N. Tucker, Suite 801
St. Louis, Missouri 63101
Telephone: (314) 241-8111
Facsimile: (314) 241-5554
Telephone: (314) 241-8111

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE CLASS CERTIFICATION [M.D.N.C. LR 23.1]** is being filed and served via the Court's official electronic filing site.

The undersigned is informed and believes that all parties entitled to Notice will receive this Notice of this filing via the Court's electronic distribution system pursuant to Rule 5 of the Federal Rules of Civil Procedure.

This the 9th day of July, 2012.

                                          /s/ William G. Wright
                                          William G. Wright